## WHITAKER, et als. v. DEGRAFFENREID.

1. Where the bill in a chancery suit is so uncertain in its allegations that it cannot be ascertained from the bill who are the necessary parties to the suit, it will be bad on general demurrer.

2. Parties having no interest in the matter in controversy cannot be joined with others that have; therefore, where sureties joined as complainants with their

principal in a bill to coerce payment of the debt for which they were bound from a third person, the bill should be dismissed.

ERROR to the Chancery Court of Franklin.

The bill was filed by the plaintiffs in error, and alleges that William H. Whitaker purchased a part of a 16th section from the school commissioners, took from them a title, and gave them a deed of trust for the purchase money, which was secured by four notes, on which B. M. Bradford, G. W. Foster and Jos. Trotter, were sureties. That Whitaker afterwards sold the land to one Radford McCargo, who agreed with Whitaker to pay the debt due the school commissioners. That afterwards, McCargo sold the land to the defendant in error, who bound himself by a stipulation in writing, to extinguish the debt aforesaid. That the stipulation was handed to Whitaker, who, on his leaving the county, left it with a person who died, and that DeGraffenreid afterwards possessed himself of it, and refuses to deliver it up, and that in consequence thereof, they are unable to state whether the obligation entered into by DeGraffenreid, was in favor of Whitaker or McCargo. That DeGraffenreid wholly failed to discharge the notes due the 16th section, in consequence of which the land was sold under the trust deed, but that a considerable part remains unpaid. That Whitaker is insolvent, and his sureties will have to pay the debt.

The bill prays a discovery from DeGraffenreid of the suppressed obligation, and for general relief, &c.

To this bill the defendant demurred, and the chancellor sustained the demurrer, and dismissed the bill, from which decree this writ is prosecuted.

SILAS PARSONS, for the plaintiff in error, cited 7 Paige, 257; 2 Yerger, 346; 1 Story's Equity, 479; Story's Eq. Pl. 64, 74, 103, 104, 105; 1 Strange, 95; 1 J. C. R. 566; 2 id. 296.

PECK and CLARKE, contra.

ORMOND, J.—There is clearly a misjoinder of complainants in this case, which is fatal on general demurrer. [Bowie v. Minter, 2 Ala. Rep. 406.] The three persons who were sureties

JANUARY TERM, 1844. 305

for Whitaker, have no interest in the matter, in controversy.— Until they pay the debt of their principal, they can maintain no action in their own names, based upon their liability to pay the debt, unless it be a bill in chancery to compel the creditor to sue. They were, therefore, improperly joined in a suit with their principal, unless it was shown that the promise of DeGraffenreid, was made to them jointly with their principal. The bill is also bad for uncertainty; it does not show whether the undertaking of De-Graffenreid was made to Whitaker or McCargo. If to the former, then the latter has not such a legal interest in it as would justify his being made a party to the suit; and if to the latter, then for the same reason, the former was improperly joined. If an exception could be made in a case where the fact was only known to the defendant, and the knowledge of it was fraudulently withheld by him, this is not such a case as we must presume the fact to be known to the persons interested.

Certainty, in the allegations of the bill, is essential in equity pleadings. In this case, the uncertainty is so great that it is impossible to say, from the allegations of the bill, who are the necessary parties to the suit. On this head, see the authorities collected by Mr Justice Story, in his Equity Pleading, 212.

Let the decree of the chancellor be affirmed.