RUTLAND'S ADM'R v. PIPPIN AND ANOTHER.     $\begin{vmatrix} 7 & 469 \\ 143 & 534 \end{vmatrix}$

1. An execution may be arrested by *supersedeas*, if an unjust or improper use is attempted to be made of it, and this although the objection does not appear of record, but is shown by oral testimony.

2. The sheriff is not authorized to pay the money due on a judgment, and keep the execution open for his own benefit. But, *quere*, if the defendant avail himself of the payment, by moving to quash the execution, is not a previous request to pay, or a subsequent adoption of the act, the necessary inference.

Writ of error to the Circuit Court of Greene.

J. D. WEBB, for the plaintiff in error.

A. GRAHAM, (of Greene,) for the defendant.

COLLIER, C. J.—In this case the defendants obtained a *supersedeas* to arrest proceedings on a *fi. fa.* against their estate, at the suit of the plaintiff, and then moved the Court to quash the same, and cause satisfaction to be entered on the judgment. On the hearing of this motion, it was agreed, that the sheriff of Greene, on the 19th May, 1842, paid to the agent of the plaintiff in execution, the amount due thereon, saving sixty dollars, the attorney's commissions, (which they had since received.) This payment was made by order of plaintiff's attorney, as evidenced by their receipt; and it would seem as an advance by the sheriff in discharge of an official liability.

The Court quashed the execution, and ordered satisfaction to be entered on the judgment, and that execution issue against the plaintiff for costs.

In Lockhart, et al. v. McElroy, 4 Ala. Rep. 572, it was held, that an execution may be superseded, if an unjust or improper use is attempted to be made of it, although it be authorized by the judgment; and the objection may be shown by extrinsic proof, even if it be mere oral testimony. This is an authority conclusive, to show, that the objection to the evidence, by which the satisfaction of the judgment was shown, is clearly untenable.

As it respects the second question, viz: can the defendants avail themselves of the payment of the amount of the execution, so as to destroy the vitality of the judgment? this cannot be regarded as a disputable point in this State.  In Boren, et al. v. McGehee, 6 Porter's Rep. 446, we say, "it is certainly true, that the sheriff has no power to pay the money due on the judgment, and keep the execution open for his own benefit.  To allow such a traffic would open a door to the greatest abuses, and be an invitation to extortion."  In Fournier v. Curry, 4 Ala. Rep. 323, we repeat with approbation what was there said.  See also, Johnson v. Cunningham, 1 Ala. Rep. N. S. 257.  These citations are conclusive against the plaintiff upon the last point.

Whether the sheriff could not, if he showed that the money was paid in Mobile, at the request of the defendants, maintain an action against them for money paid, laid out, &c.; or, whether the motion to quash, and thus obtaining the benefit of it, would not warrant the presumption of a previous request, or subsequent adoption of it, are questions which we need not consider, in the present posture of the case.

It follows from what has been said, that the judgment of the Circuit Court must be affirmed.