## DAVIS v. DAVIS.

1. When the offices of executor, and guardian, are united in the same person, he holds the estate in his hands, as executor, and does not hold any thing as guardian, which is not separates from the assets of the estate, or placed to his account as guardian.

2. When a balance has been found against the executor, upon a settlement of his accounts, from which he has prosecuted a writ of error, and superseded execution by a bond, the decree is suspended, and cannot be looked to, to ascertain the amount in the hands of the executor, for which he is liable as guardian.

3. In a proceeding against one as guardian, who is also executor, he cannot show that in the settlement of his accounts as executor, a mistake was made, and thus reduce the amount ascertained by the decree of the cour to be in his hands as guardian.

Error to the Orphans' Court of Autauga.

THE plaintiff in error was cited by the orphans' court of Autauga, to settle his accounts as guardian of the defendant in error, and failing to appear, the Judge of the orphans' court proceeded to state the account in his absence, and cited him to appear at a succeeding term, and file his accounts and vouchers. He appeared accordingly, and filed his accounts and vouchers, and the court proceeded to a settlement, and rendered a decree against him for $2,401 58.

From an exception taken during the settlement, it appears that the plaintiff in error was the executor of an estate, in which the defendant was interested as heir, and was also guardian of the defendant, but had since been removed—that on the 11th January, 1843, on final settlement of his executorship, a decree was entered against him for $1109 27, in favor of the defendant as heir, and that the plaintiff in error had prosecuted a writ of error to the circuit court, to reverse this decree, which was pending at the time of this settlement. The plaintiff in error, objected to his being charged in this settlement, with the sum charged against him in favor of the

minor, in the decree rendered against him as executor, on the ground, that as a writ of error was prosecuted thereon, the decree was suspended, and could not be used on this settlement, until the writ of error was disposed of, which objection was overruled, and said decree received as evidence of his liability as guardian.

The plaintiff also offered to reduce the amount against him as guardian, by proving, that in his settlement as executor, he had by mistake omitted a charge of $950 against the estate of his testator, and that the judge of the orphans' court had agreed that he might make a supplemental report as executor; which testimony the court refused to receive, and proceeded and rendered a decree against him.

These matters are assigned as error.

T. WILLIAMS, for plaintiff in error.
ELMORE, contra.

ORMOND, J,—Where the offices of executor, and guardian are united in the same person, he holds the estate in his hands as executor, and does not hold any thing as guardian, which is not separated from the assets of the estate, and placed to his account as guardian. To ascertain the amount in his hands as executor, to which the ward is entitled, it is obvious a settlement of his accounts as executor, would be necessary. This it appears was done in this case, and upon the settlement, that account was closed by placing the balance to the credit of the minor, which would be a debit, in the account of his guardianship.

Upon the settlement of his guardianship accounts, the covrt charged him with the amount thus found to be in his hands, and of the propriety of this there can be no doubt, unless the decree thus rendered against him, was superseded by a writ of error bond. It appears that the executor had sued out a writ of error upon the decree against him as executor, and that this suit was pending when the settlement of his guardianship was made, and the objection was, that this decrce was not evidence of the amount in the hands of the executor, because it had been "suspended" by a writ of error,

which was still pending. As it could not be *suspended*, without a bond, so as to supersede an execution upon the decree, we infer that such was the fact, and the objection should have been sustained. In this aspect of the case, no settlement of the guardianship, so far as the decree against the executor afforded evidence of the amount in his hands, could be made, until that cause was determined, and the amount for which he was chargeable definitely ascertained.

The offer to prove a mistake in the settlement of the accounts as executor, was correctly refused. If such a mistake in fact existed, it could not be rectified in this manner. As already observed, although the two offices may be united in the same person, the accounts must be separated, and cannot be blended together. The offer was to prove, that he was entitled to a credit which he had not received in the settlement of his accounts as executor, this could only be settled by a proceeding in the orphans' court for the settlement of his executorship, or in a proper case in chancery.

For the error previously noticed. the judgment must be reversed, and the cause remanded.