## WILKINS & WILKINS v. JUDGE & DUNKLIN.

1. To enable two to file a bill as co-complainants, both must have an interest, and both be entitled to relief.
2. A court of equity will not entertain a bill filed by two persons as complainants, to rescind a contract on the ground of fraud, the question of fraud having been decided between the defendants, and one of the complainants, in a court of law, having jurisdiction of the matter.

Error to the Chancery Court of Butler. Before the Hon. A. Crenshaw, Chancellor.

THE bill was filed by the defendants in error, for the purpose of rescinding a contract for the sale of some slaves, made in Texas between the plaintiffs in error, and William

Judge, by which the latter, in consideration of a house and and lot, in Austin, Texas, conveyed certain slaves to the former. That these slaves were in the possession of Joseph Dunklin, as agent of William Judge, who refused to deliver them to the plaintiffs in error, being advised by his principal that a fraud had been practiced upon him in the sale of the slaves. That thereupon they brought an action of trover against Dunklin, and recovered a judgment for $1,330, for the conversion of the slaves. The prayer of the bill is, for a rescission of the contract, for an injunction, &c.

The defendants answered the bill, denied the fraud charged in the purchase of the slaves, and insisted, that the purchase was fair, and *bona fide*, and rely upon the judgment at law against Dunklin, as a bar to the action, and also demured to the bill.

The chancellor, at the hearing, rendered a decree rescinding the contract, and perpetuating the injunction to the judgment against Dunklin. This is now assigned as error.

PECK, with whom was WATTS, for plaintiff in error.

1. The title to the slaves recovered in the action of detinue at law, between the plaintiffs and the defendant, Dunklin, was directly in issue, and the recovery in that case is insisted upon by way of plea as against him; and unless its legal effect is destroyed by some matter in the bill, it must be conclusive against him. Davidson and Stringfellow v. Shipman et al. 6 Ala. 27; Bradshaw v. Heath, 13 Wend. 419; The Duchess of Kingston's case, 2 State Trials, 201, 262; Dunklin v. Wilkins, et al. 5 Ala. R. 199; Cummings et al. v. McGehee, 9 Porter, 351. If the defence at law had failed because of its equitable character, then the judgment at law would interpose no obstacle to relief in chancery. Calloway v. McElroy and Flanagan, 3 Ala. 406. But this is not pretended. Nor is it pretended that any fraud or mistake intervened to prevent a full and fair trial at law; equity therefore will not interfere to deprive the plaintiffs of the benefits of their judgment. French v. Garner et al. 7 Porter, 549; Lee & Norton v. The Ins. Bank of Columbus, 2 Ala. 21; Mock v. Cundiff, 6 Porter, 24.

2. The defendant, Dunklin, cannot avoid the conclusive effect of the judgment at law, by joining with him in the bill, the defendant, William Judge, for whatever may be the rights of the defendant, Judge, it is not pretended that Dunklin has any claim whatever, either to the slaves recovered by the judgment at law, or to the others mentioned in the bill, nor that he has any interest in, or connection with, the transaction between the said Judge and the plaintiffs, for the sale and purchase of the house and lot in the city of Austin; their conjunction therefore as complainants, must be regarded as a mere device to avoid the effect of the recovery at law, and give the court of chancery jurisdiction, and should consequently be treated as a fraud upon the court.

JUDGE, contra.

DARGAN, J.—The bill being filed by two, as co-complainants, they must show that both have an interest, and both are entitled to relief; and if it appear that one co-plaintiff is not entitled to any relief, the bill must be dismissed. See Story's Eq. Pl. 392; Clarkson v. De Peyster, 3 Paige's R. 336; 2 Sim. R. 237.

The object of the bill is, to enjoin perpetually, a judgment at law, rendered in favor of the respondents, against Dunklin, one of the complainants, in an action of detinue to recover two slaves. The bill shows, that the slaves once belonged to William Judge, the other complainant—that he executed a bill of sale for the slaves, and also for several others to the plaintiffs in error, and that the respondents committed a fraud upon him, in the contract, and that they obtained the bill of sale by false and fraudulent representations. The bill also shows, that Dunklin never had title to said slaves, nor claimed them in opposition to the title of William Judge, and that at the time the bill of sale was executed, Dunklin held the possession of the two slaves, as the agent of Judge, and under his instructions, refused to deliver the slaves to the respondents, and resisted their title on the ground of the fraud alledged to have been committed by them, on Judge, in the contract of sale.

18

It has been settled by this court, that Dunklin was authorized to show the fraud practiced by respondents, on Wm. Judge, at law, as he withheld the slaves from the respondents, under the directions of Judge, and as his agent; see 5 Ala. 199; and it is evident from the record, that he did defend the suit at law, on the ground of the fraud, and the verdict was rendered against him.

The question of fraud in obtaining the bill of sale, has been decided by a court of law, against Dunklin, and the rule undoubtedly is, that courts of law have concurrent jurisdiction with courts of equity, in all cases of fraud. Having jurisdiction, its judgment is binding on the rights of the parties, and can be reviewed only in an appellate court; but cannot be again litigated in another forum, having concurrent jurisdiction over the subject matter. See 9 Wheat. Rep. 552; 3 Yerger, 167; 2 Munf. 34; 6 Ala. 27; 13 Wend. 419; 5 How. R. 80.

As the question of fraud has been decided between Dunklin and the respondents, and this is the only title alledged for equitable relief, it cannot be granted to Dunklin, for as to him, the question has been decided by a court of competent jurisdiction, and its judgment is conclusive upon him, and the same question cannot be litigated by him in this court. It therefore follows, that Dunklin is not entitled to any relief, and as Judge has joined him as a complainant, even if the testimony showed that he was entitled to rescind the contract, and to relief, it could not be granted on this bill; for we have seen, that both complainants must have an interest, and both be entitled to relief, or it cannot be granted.

The decree must therefore be reversed, and the bill here dismissed, but it must be without prejudice to the right of W. Judge to file another bill in his own name, if he wishes, and can produce proof to show a fraud committed on him, by the respondents.

Let the decree be reversed, and a decree here rendered dismissing the bill.