## MOORE ET AL. vs. MOORE ET ALS.

17  631

130  539

1. Where two join in a bill as complainants, both must have an interest in the subject matter in controversy, and both be entitled to relief, otherwise the bill will be dismissed.

2. The principal in a note has no interest in the subject matter of an equitable set-off, which his security has against the payee.

Error to the Chancery Court of Madison. Tried before the Hon. David G. Ligon.

THE bill in this case was filed by Gabriel E. Moore and Benjamin T. Moore, the plaintiffs in error, against Gabriel Moore, James Penn, the Branch Bank of the State of Alabama at Huntsville, Clement C. Clay, and James W. McClung. It alleges that on the 15th November 1841, the said Gabriel E. Moore purchased of the said Gabriel Moore certain lands, at the price of nine hundred and fifty dollars, five hundred dollars of which was paid in cash, and four hundred and fifty dollars

by note of the said Gabriel E. and Benjamin T. Moore, paya-
ble on the first of January 1842; that at the time of said pur-
chase, the said Benjamin T. was indebted to the said Gabriel
E. Moore and agreed with said Gabriel that he would pay said
note; that at the same time the said Gabriel Moore, the ven-
dor, was indebted to the said Benjamin T. in a large sum of
money individually, for which suit is now pending against him
in the County Court of Madison, and in a still larger amount by
virtue of a decree rendered in the Orphans' Court of said
county in favor of one Richard Pryor, a legatee, for the use of
the said Benjamin T. against the said Gabriel as executor of
William Barrett, deceased, which sums of money are still un-
paid; that said Gabriel Moore, and the securities on his bond
as executor, are wholly insolvent; that the said Gabriel Moore,
for the purpose of defrauding the said Benjamin T. and espe-
cially to prevent him from having the benefit of the amount of
said four hundred and fifty dollar note in part satisfaction of his
claims aforesaid, made a pretended assignment of said note to
James Penn, who instituted suit upon it for the use of the said
Branch Bank, in the Circuit Court of said county, and recov-
ered a judgment thereon on the 7th Nov. 1842, against both
the complainants, upon which execution has issued and is about
to be enforced by the sheriff; that neither the said Penn, nor
the said Branch Bank now has any interest in said judgment,
but that it is owned by said Clay and McClung, as the com-
plainants are informed, &c. The prayer of the bill is for a
temporary and perpetual injunction, and for general relief.
The chancellor dismissed the bill on the final hearing, the proofs,
which are sufficiently refered to in the opinion of this court,
not having made out the material allegations of the bill.

ROBINSON, for the plaintiffs in error.

CLAY & CLAY, for the defendants.

DARGAN, C. J.—The view we take of this case renders it
unnecessary to examine the questions submitted by the argu-
ment of counsel, for it is a familiar rule that when two join in
a bill as complainants, both must have an interest in the subject
matter in controversy and both be entitled to relief, otherwise

the bill will be dismissed.—Story Eq. Plead. 392 ; 2 Sim. R. 237; Wilkins et al. v. Judge & Dunklin, 14 Ala. 135.  If we could admit that Benjamin T. Moore was entitled to an equitable off-set, growing out of the decree of the Orphans' Court in favor of Pryor, who was a legatee under the will of William Barrett, and whose interest he had purchased, yet Gabriel E. Moore has not a scintilla of equity, nor is he entitled in any manner to relief.  He as principal executed the note, and Benjamin T. as security.  Gabriel E. owes the debt, and no reason whatever is shown why he should not pay it.  It is true the bill alleges, that, at the time of the making of the note, Benjamin T. Moore, the security, was indebted to Gabriel E. Moore, and that it was agreed between them, that Benjamin T. should pay it in discharge of his indebtedness to Gabriel E. Moore, the principal in the note.  This agreement, if proved, might have given him a right to join in the bill, for it would have changed the relations between the parties to the note, and made Benjamin T., the security, stand as principal.  But this agreement is denied by the answers, and there is no proof whatever to establish it.  The case made by the proof is, that Gabriel E. Moore is the principal in the note and has no defence against it ; Benjamin T. Moore is the security, and he insists on an equitable set-off against the payee.  If this was allowed, Gabriel E. Moore would still owe the debt, for it would then be due to Benjamin T. the co-plaintiff, and no fact is proved that gives to Benjamin T. an equitable right to require Gabriel E. Moore to pay it to him.  Gabriel E., the principal in the note, has therefore no interest in the suit, nor is he entitled to any relief. The consequence is, that the decree dismissing the bill must be affirmed.