# TUCKER ET AL. *vs.* HOLLEY ET AL.

1. When several complainants join in a bill, asking relief against a judgment at law, against which some of them show no ground for equitable relief, the bill is demurrable.
2. A party asking equity must offer to do equity.

ERROR the the Chancery Court of Pike.
Tried before the Hon. J. W. Lesesne.

This bill was filed by the plaintiffs in error, asking a perpetual injunction against a judgment at law. It alleges, that the County Treasurer of Pike commenced suit in the County Court against Tucker, who was County Clerk, for a breach of official duty; that Tucker appeared, and pleaded in abatement, and his plea being sustained, leave was given to the plaintiff to amend; that defendant again pleaded in abatement, demurred, moved to quash, and excepted to the ruling of the court; that the court overruled his motion, plea, and demurrer, refused to sign his bill of exceptions, and ruled him to trial; that he then offered to plead the statute of limitations, but the court would not allow him to do so; that there were no counsel at the court, except those engaged against him; that judgment was rendered against him and his securities on his official bond, for a large amount; that he afterwards applied to the clerk of the court for a writ of error to the *Supreme* Court, and he and his securities signed their names to a blank bond, which they left with the clerk to be filled up in proper form; that the clerk failed and neglected to send up the case to the *Supreme* Court, but issued his certificate that a writ of error to the *Circuit* Court had been applied for and granted; that on this certificate, the judgment of the County Court was affirmed in the Circuit Court, against the original defendants in the judgment and their securities on the writ of error bond, with ten per cent. damages; and that an execution had been issued on this judgment, and levied on Tucker's property. The securities on the official bond of Tucker, and also his securities on the writ of error bond, are joined with him as complainants.

The Chancellor dismissed the bill for want of equity.

Bagby, Governor, v. Reeves et al.

BUFORD, for plaintiff in error.
JACKSON, contra.

CHILTON, J.—The decree of the Chancellor, dismissing this bill, is correct. There is no equitable ground shown for impeaching the judgment of the County Court, and although the securities on the writ of error bond would be entitled to relief, upon establishing the facts alleged in the bill, yet they have united as co-complainants with Tucker and his securities on his official bond, and pray joint relief against the judgment at law, as against which the latter show no equity, and according to the established doctrine of this court, the bill was demurrable for this cause. See Wilkins & Wilkins v. Judge & Dunklin, 14 Ala. Rep. 135, and cases there cited; also Whitaker v. Degraffenried, 6 Ala. Rep. 303. Tucker and his securities, if the bill be true, could be relieved against the ten per cent. damages given on the affirmance in the Circuit Court; but to entitle them to it, they must do equity, pay, or tender the amount of the judgment of the County Court, interest and cost, which they have neither done nor offered to do.

Decree affirmed.