## MILLER and WIFE *vs.* FLOURNOY'S HEIRS.

1. Although the last clause in a will must prevail over a preceding clause which cannot be reconciled with it, and the particular intent must yield to the general, when the two are equally apparent, and so repugnant that both cannot stand ; yet the great and cardinal rule of construction is, to give effect, if possible, to every part of the will.

2. By the fourth clause of his will, testator directed his wife to keep together under her care and protection all his children, and "for the better enabling her to do so," gave her during her widowhood, or until his youngest child attained its majority, "the control and use of any five negroes not otherwise disposed of, to be by her selected" ; by the fifth clause, he bequeathed four slaves to his wife during her natural life or widowhood, and on her death or marriage to his children George, William, Marcus, Augustus and Eliza ; and the ninth clause was in these words : " I will and bequeath unto my said wife, and my children George, William, Marcus, Augustus and Eliza, and to their heirs forever, all the rest and residue of my personal estate, to be equally divided among them, share and share alike, in the manner hereinafter mentioned and described ; and that each of my said children shall, upon arriving at full age in law, be entitled to demand from my executors their just distributive share of said estate in this clause mentioned, to be ascertained and determined upon a fair valuation of all my property herein referred to, at the time of his or her majority, by any three disinterested slaveholders of the county ; always counting my said wife as a child, *it being my intention to make her and all my children equally interested in the disposition of my estate, including the five negroes hereinbefore mentioned in the third (fourth ?) clause,* as reserved for the use of my wife and family" : *Held,* that the slaves' mentioned in the fifth clause were not included in the general residuary clause, but, on the marriage of the widow, passed to the children to whom they were specifically bequeathed.

Appeal from the Court of Probate of Chambers.

In the matter of the appellants' petition for the distributive share of Mrs. Miller (formerly Mrs. Flournoy) in the estate of her former deceased husband, Marcus A. Flournoy, whose will contained the following clauses, in addition to others which have no bearing on the case :

"Fourthly.—It is my will and desire also, that my wife, Eliza A. Flournoy, shall keep together, and with her and under her care and protection, all my children ; and for the better enabling her to do so, it is my will and desire, that she shall have the control and use, free from any charge or expense,

of any five negroes, to-wit, three women, one man and one girl, to be by her selected from all my negroes not herein otherwise disposed of, at the time of my death, until my youngest child living at the time of my decease shall arrive, at the age of twenty-one years; *provided*, however, that my said wife is only to have power and control of said five negroes during her widowhood.

"Fifthly.—It is also my will and desire, and (I) so direct, that old Shadrach, old Lucy, Duke, Nancy (wife of Duke), and the present and future issue and increase of said females, shall be and remain with my said wife, during her natural life or widowhood; and at the death or marriage of my said wife, I give and bequeath said negroes in this clause mentioned to my children, George Flournoy, William Flournoy, Marcus Flournoy, Augustus Flournoy, and Eliza Flournoy, and such other children as I may hereafter have."

Sixth.—Specific legacy of slaves to Thomas F. Flournoy.

Seventh.—Specific legacy of slaves to Robert W. Flournoy.

Eighth.—Specific legacy of slaves to Mary Ann Caldwell (formerly Flournoy) and the heirs of her body.

Ninthly.—I will and bequeath to my wife, Eliza A. Flournoy, and my children, George M. F. Flournoy, William M. Flournoy, Marcus A. Flournoy, Augustus S. Flournoy and Eliza A. Flournoy, and to their heirs forever, all the rest and residue of my personal estate, to be equally divided among them, share and share alike, in the manner hereinafter mentioned and described; and that each of my said children shall, upon arriving at full age in law, be entitled to demand from my executrix and executors, hereinafter named, their just distributive share of said estate in this clause mentioned, to be ascertained and determined upon a fair valuation of all my property herein referred to, at the time of his or her majority, by any three disinterested slave-holders of the county of Chambers; always counting my said wife Eliza as a child, it being my intention to make her and all my children equally interested in the distribution of my estate, including the five negroes hereinbefore mentioned in the *third* (?) clause as reserved for the use of my wife and family."

The court below decreed, that Mrs. Miller was not entitled, under the general residuary clause, to share in the negroes

specifically bequeathed by the fifth clause ; to which ruling of the court the appellants excepted, and they now assign it for error.

RICHARDS & FALKNER, for the appellants :

The words of a will are to be construed literally, so as to carry into effect the intention of the testator.—Bell and Wife v. Hogan, 1 Stew. 536. If all the provisions of the will are irreconcilable with each other, the last clause must prevail. Moore v. Dudley and Wife, 2 Stew. 170 ; Hunter v. Green, 22 Ala. 329. When a general and a particular intent are equally apparent on the will, and so repugnant to each other that both cannot stand, the particular must yield to the general intent.—Stallsworth v. Stallsworth, 5 Ala. 143.

The application of these principles to the case at bar, shows that the court below erred in its decree. The testator here declares his intention, by the ninth clause, to make his wife and all his children equally interested in his estate ; while other portions give specific legacies to certain children. The entire will can stand, and all its clauses be reconciled, by appraising all the property, including the specific and residuary legacies, and thus ascertaining the whole value of the estate, and then equalizing the legacies out of the residuary clause. But, if the several clauses are so repugnant that they cannot be thus reconciled, then, it is insisted, the general intent apparent on the face of the will, and clearly expressed in the ninth clause, viz., to make the widow and children equal in the distribution of the estate, must prevail over the particular intent indicated in the specific legacies.

No counsel appeared for the appellees.

CHILTON, C. J.—We fully concur with the counsel for the appellants, that the last clause in a will is to prevail over a preceding clause which cannot be reconciled with it ; and also in the proposition, that where there is a general and a particular intent, equally apparent upon the will, and so repugnant that both cannot stand, the particular must yield to the general. But the great and cardinal rule which should govern in the construction of wills, as well as other instru-

ments, is. to give effect, if possible, to every part of it.—Stalls-
worth v. Stallsworth's Ex., 5 Ala. Rep. 148.

When we consider all the provisions of this will together,
we entertain no doubt as to the true intent and meaning
of the testator. The ground of the complaint by the appel-
lants is, that they have been excluded from a share of the
slaves embraced in the fifth item of the will, which declares,
that these slaves, with their future increase, &c., shall be and
remain with the testator's wife, to use his own language,
" during her natural life or widowhood ; and at her death, or
marriage, I give and bequeath said negroes, in this clause
mentioned, to my children, George, William, Marcus, Augus-
tus, and Eliza A. Flournoy, and such other children as I may
hereafter have."

The widow has since married, and by the terms of the be-
quest, the slaves go to the children named. Is there any
thing in the ninth or residuary clause of the will, which re-
quires this bequest to give way, and which thwarts this clear-
ly expressed desire. That clause is as follows : " Ninthly—
I will and bequeath unto my wife, Eliza A. Flournoy, and to
my children George, William, Marcus. Augustus, and Eliza
A. Flournoy, and to their heirs forever. all the rest and residue
of my personal estate, to be equally divided among them,
share and share alike, in the manner hereinafter mentioned
and described : and that each of my said children shall, upon
arriving at full age in law, be entitled to demand, of and from
my executrix and executors, hereinafter named, their just dis-
tributive share of said estate, in this clause mentioned, to be
ascertained and determined upon a fair valuation of all my
property herein referred to, at the time of his or her majority,
by any three disinterested slaveholders of the county of Cham-
bers ; always counting my said wife Eliza as a child, it being
my intention to make her and all my children equally inter-
ested in the disposition of my estate, including the five negroes
heretofore mentioned in the third (*fourth ?*) clause as reserved
for the use of my wife and family."

In this clause, the testator evidently alludes to the resi-
duum of his personal estate. including the five slaves which the
wife is authorized by the fourth clause of the will to select
and retain during widowhood, to enable her to provide for

keeping the family together. This estate is to be *equally* divided among them, share and share alike, in the manner thereinafter mentioned and described—to-wit, " to be ascertained and determined, upon a fair valuation of all my property herein referred to" (that is, as we understand it, referred to in this ninth clause) by three disinterested slaveholders, counting his wife as a child, it being his intention to make her and all his children equally interested in the disposition of his estate, (that is, of the estate here alluded to, and about the division of which he was then providing,) including the five negroes mentioned in the fourth clause as reserved for the use of the wife and family. Confining this equality of distribution to the residuum of the personal estate, the whole difficulty vanishes. If by the " disposition of his estate," the testator meant his entire property, why does he add " including the five negroes"? The inclusion of these, shows that the other bequests were excluded, upon the maxim, " *inclusio unius exclusio alterius*," and plainly limits the meaning of the testator to his residuary personal estate of which he was disposing by the ninth clause. The construction contended for by the appellants would defeat the will, and leave the parties pretty much in the same condition as if none had been made. It would render nugatory the conditional legacies given to the wife, which were made dependent upon her remaining a widow. We think the Probate Court decided correctly.

Judgment affirmed.