## VAUGHN AND WIFE *vs.* LOVEJOY.

| 34 | 437 |
| 130 | 539 |

[BILL IN EQUITY FOR PARTITION, ACCOUNT, &C.]

1. *Validity of condition in restraint of marriage annexed to legacy.*—A condition or limitation in restraint of the marriage of a widow, when annexed to a devise or bequest by her husband, is valid.
2. *Misjoinder of parties plaintiff.*—The rule is well settled, that where two join as plaintiffs in a bill, both must have an interest in the subject-matter of the suit, and both be entitled to relief; and if the bill itself shows that one of them is not entitled to any relief, it is demurrable.

APPEAL from the Chancery Court of Chambers.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by Noel A. Vaughn and Sarah A., his wife, against Jeremiah F. Lovejoy and wife, George M. Goldsmith, and Caroline S. Goldsmith; Mrs. Lovejoy and her co-defendants, George M. and Caroline

S. Goldsmith, being the children of Mrs. Vaughn by a former husband, John T. Goldsmith. Its object was, 1st, to enjoin proceedings in the probate court, which had been instituted by the defendants, to compel the complainant, Vaughn, to settle his guardianship of Mrs. Lovejoy and George M. Goldsmith, and have the accounts settled in the chancery court; and, 2dly, to have certain slaves, which were in the possession of Vaughn, and in which Mrs. Vaughn claimed an undivided interest under the will of her former husband, sold and divided between her and her children. John T. Goldsmith, whose will forms the subject of controversy in the case, died in said county of Chambers, in April, 1846. By the 8th clause of his will, he devised and bequeathed to his wife and their three children a small tract of land, several slaves, and some other personal property. The 12th clause was in these words: "I design that all the effects which I have given to my wife, to be hers in fee simple if she never marries, but, if she marries, to revert to their three children, except one horse, saddle and bridle, one bedstead and furniture, and two cows and calves." The chancellor held, that Mrs. Goldsmith, by her marriage with Vaughn, forfeited her interest in the slaves, and was therefore improperly joined as a co-plaintiff with her husband. He consequently sustained the defendants' demurrer on account of such misjoinder, and dismissed the bill; and his decree is now assigned as error.

RICHARDS & FALKNER, for the appellants.

BROCK & BARNES, contra.

R. W. WALKER, J.—Conditions operating unduly in restraint of marriage, are utterly null and void, because they are considered contrary to the common weal and good order of society.—Morley v. Rennoldson, 2 Hare, 570; 2 Leading Cases in Eq., pt. 1, 315. In accordance with this principle, it is a well-settled rule, subject to certain clearly established exceptions, that if a condition in restraint of marriage is general, and also subsequent—that is, if the gift be of a certain interest, and there is an at-

tempt to abridge it by a condition in restraint of marriage generally, the condition is void, and the original gift remains.—Morley v. Rennoldson, *supra ;* 2 Leading Cases Eq., pt. 1, 319–20 ; 1 Jarm. on Wills, 843, 836. Some respectable authorities hold, that the rule just stated is applicable alone to bequests of personalty, which, in this regard, are governed by the principles of the civil law; while devises of land, on the contrary, are governed by the common law, according to which, it is said, a condition in general restraint of marriage is not invalid.—Commonwealth v. Stauffer, 10 Barr, 350 ; McCullough's Appeal, 2 Jones' Pa. 197 ; Williams' Perso. Prop. 290, note 1. But the current of authority seems to support the idea that the rule is applicable alike to devises and bequests. 2 Lead. Eq. Cases, 319. Many of the cases, however, draw a marked distinction between a *condition* and a *limitation ;* and although it is clear that a restraint upon marriage is equally effectual, whether it is put in the form of a condition in avoidance of a vested bequest, or of a limitation that the gift shall endure only so long as the legatee shall remain unmarried; and although, moreover, it is true, as remarked by Chief-Justice Gibson, in Commonwealth v. Stauffer, 10 Barr, 357, that "whether the restraint be by limitation or condition, is, in a vast majority of cases, the effect of accident, depending on the turn of expression habitual to the scrivener, who seldom knows anything of the technical difference between them ;" yet the English authorities certainly support the proposition, that where property is limited to a person until marriage, and upon marriage then over, the limitation is good. It is said that, in such a case, there is nothing to carry the gift beyond marriage ; and that the questions which arise as to conditions subsequent in restraint of marrying do not apply. "There can be no doubt," says Lord Cottenham, "that marriage may be made the ground of a limitation ceasing or commencing ;" or, as it is expressed by Godolphin, "the use of a thing may be given during celibacy, for the purpose of an intermediate maintenance, and will not be interpreted maliciously to a charge of restraining marriage."—Webb v. Grace, 2 Phill. 701 ; Richards

v. Baker, 2 Atk. 321; Sheffield v. Lord Orrery, 3 Atk. 282; Morley v. Rennoldson, 2 Hare, 580; Lloyd v. Lloyd, 10 Eng. L. & E. 139–143; Heath v. Lewis, 17 Eng. L. & E. 41; Scott v. Tyler, 2 Brown's Ch. 431; 2 Greenl. Cruise, 24, § 66, and note; McNaghten's Select Cases, 3; Gibson v. Dickie, 3 M. & S. 462; 2 Lead. Cases Eq., part 1, 321, &c.

Accordingly, it has been frequently held, that where an estate is given during widowhood, with a limitation over, the estate is determinable by the second marriage.—Authorities *supra;* Jordan v. Holkham, Ambler, 204; Fitchett v. Adams, 2 Str. 1128; Miller v. Flournoy, 26 Ala. 724; Willard's Eq. 531; Lloyd v. Lloyd, 10 Eng. L. & E. 139. And an annuity during widowhood, or celibacy, has also been held good.—Authorities *supra;* Barton v. Barton, 2 Vernon, 308; Heath v. Lewis, 17 Eng. L. & Eq. 41.

Besides, the rule which avoids a condition subsequent in general restraint of marriage, does not apply to devises or bequests by a husband to his wife. The reasons in which the rule has its origin, apply with greatly diminished force to prohibitions of marriage, when annexed to gifts of property by a husband to his widow; and such prohibitions are subject to other considerations, which have very properly induced the courts to maintain their validity. A husband may well desire to leave the control of the whole or the greater part of his property to his widow, as the best means of keeping his children together, and of providing for their education, comfort and happiness; and yet very reasonably be unwilling to entrust her with the same power after she has contracted a second marriage, and a stranger has become the head of his household. "It would be extremely difficult to say, why a husband should not be at liberty to leave a homestead to his wife, without being compelled to let her share it with a successor to his bed, and to use it as a nest to hatch a brood of strangers to his blood."—Commonwealth v. Stauffer, 10 Barr, 355. Reason and experience, as well as the adjudged cases, sanction the idea, that a man has an interest in his wife's remaining a widow; and although

the principle has been sometimes doubted (see Binnerman v. Weaver, 8 Md. 517; note to Greenl. Cruise, page 24, § 66), yet the great weight of authority, both in England and the United States, establishes the proposition, that a restraint upon the re-marriage of a widow, annexed to a devise or bequest by the husband, is valid,—whether the restraint be in the form of a limitation, defining the duration of the wife's interest, or of a condition subsequent, abridging or defeating it after it has vested.—Scott v. Tyler, 2 Brown's Ch. 487–8; Sheffield v. Orrery, 3 Atk. 282; Lloyd v. Lloyd, 10 Eng. L. & E. 139–143; Phillips v. Medbury, 7 Conn. 568; Pringle v. Dunkley, 14 Sm. & M. 16; Hughes v. Boyd, 2 Sneed, 512; Dumey v. Schœffler, 24 Missouri, 170; Same v. Same, *ib.* 177; 2 Leading Cases Eq. pt. 1, 321, &c.; 1 Story's Eq. § 285; Willard's Eq. 531–2; 1 Jarman on Wills, 731–2.

Nor, under our laws, is there in this rule any hardship of which the widow can justly complain. By our statute, she may, at any time within twelve months, renounce the provision which her husband has made for her, and take her distributive share of his estate, freed from all restraints denying to her the privilege of a second marriage.

It makes no difference, therefore, whether the form in which the testator has in this case sought to restrain the re-marriage of his widow, is to be deemed a condition subsequent or a mere limitation: it is alike valid, in either aspect. It follows as the result of this, that Mrs. Vaughn has no interest in the slaves named in the bill and no right to relief.

[2.] The rule is well established, that where two join as complainants, both must have an interest in the subject-matter of the suit, and both be entitled to relief; and if the bill itself shows that one of the complainants is not entitled to relief, it is demurrable.—Moore v. Moore, 17 Ala. 631; Tucker v. Holly, 20 Ala. 426.

The decree of the chancellor is affirmed.