## Knight et al. v. Blanton's Heirs.

*Bill in Equity to enforce Vendor's Lien for Purchase-money of Land.*

1. *Presumption as to payment and extinguishment of debt, when administrator is both debtor and creditor.* — As against the heirs-at-law of an intestate, seeking to enforce a vendor's lien for the unpaid purchase-money of land, which was sold by the administrator, under an order of the probate court, for division, and bought by the administrator himself, a court of equity will not presume the payment of the debt by the administrator to himself, although he reported the sale to the court, and it was confirmed, and he afterwards charged himself with the amount in an annual settlement, but in fact never paid it.

2. *When purchaser is chargeable with notice of outstanding vendor's lien.* — When an administrator purchases lands at a sale made by himself, under an order of the probate court, for division, and reports the sale to the court, by which it is confirmed, but the purchase-money is not paid, and no conveyance is executed or ordered to be made, — a subsequent purchaser from him, or from his administrator, is chargeable with notice of the outstanding vendor's lien.

3. *Parties to bill to enforce vendor's lien.* — When lands are sold by an administrator under an order of the probate court, and the purchase-money is not paid, the right to file a bill to enforce the vendor's lien ordinarily belongs to the personal representative; but, when the sale is made for division among the heirs, they may maintain a bill for that purpose in their own names.

4. *Misjoinder of plaintiffs.* — It was formerly a rule of chancery practice, that where several persons joined as plaintiffs in a suit, all must be entitled to relief, or the bill would be dismissed; but, under the liberal system of amendments now prevailing, relief may be granted to a part of the plaintiffs, and the bill be dismissed as to the others.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. B. B. McCRAW.

J. A. CLENDENIN, with J. G. COWAN, for appellants, cited *Whitworth's Distributees* v. *Oliver*, 39 Ala. 286; and *Wilkins* v. *Judge & Dunklin*, 14 Ala. 135.

J. A. CORBETT, *contra.*

B. F. SAFFOLD, J. — The appellees, as the heirs-at-law of Redding J. Blanton, filed the bill to enforce a vendor's lien upon lands of the said decedent, which his administrator, William Blanton, sold, under order of the probate court, for division, and purchased himself. They allege that, though the said administrator appears to have charged himself with the price of the lands in an annual settlement, he never in fact paid anything for them. He reported the sale, and it was confirmed. But he never reported payment of the purchase-money, nor was any conveyance ever made, or ordered to be made. The administrator died without making final settlement, but his administratrix made a final settlement of his administration, in January, 1865, the result of which was a decree against her for over $4,000. It is alleged that William Blanton and his sureties are insolvent, or have no estates.

[Knight *v.* Blanton's Heirs.]

The lands were subsequently sold as the property of William Blanton, and are now in the hands of the defendants. Nothing contradictory of the above statement is answered or proved. But the defendants insist that, as the duty of paying for the lands, and the right to receive payment, concurred in the same person, the law presumes the payment, and the consequent extinguishment of the individual liability in the representative responsibility. The chancellor granted the relief prayed for, and his decree is now assigned as error.

1. The proposition is plain enough, that William Blanton was liable himself in his representative character, at the suit of the heirs, if they had chosen so to hold him. The liability of his sureties might admit of serious doubt, inasmuch as they would not be chargeable beyond the assets coming into his hands. They would be liable for a *devastavit;* but I think they would not be, for a simple presumption of payment. The presumed payment is generally indulged against the person occupying the twofold position, and not in his favor, to the injury of those who would have a right to the presumption against him. Of course, it would not be to their injury, in a case where the demand for and against him was wholly independent of the question of his solvency.

In *Whitworth's Distributees* v. *Oliver* (39 Ala. 286), and *Kimball* v. *Moody* (27 Ala. 130), the question of presumed payment, from the concurrence in the same person of the duty to pay and the right to receive payment, is considerably and very satisfactorily discussed. In the latter case, it is said, the personal representative cannot retain the assets of the estate, other than money, in satisfaction of his demand, because he must dispose of them at public sale. Nor has he a right to retain money, if the estate is insolvent. In such cases, his demand is not extinguished. The converse rule is equally deducible in favor of his sureties, or the distributees of the estate. If he owes the estate, and has nothing to pay with, the one should not be charged with a liability, or the other deprived of a right upon a supposition destroyed by fact.

In the other case it is said, the doctrine of presumed payment is modified by circumstances. Otherwise, it would sometimes relieve the sureties of an administrator in chief from a *devastavit* committed by him, and cast the liability upon those of an administrator *de bonis non;* "an effect not only repugnant to our notions of justice and equity, but opposed to the very name and theory of the trust, for the faithful execution of which they have bound themselves, — *the administration of the effects left unadministered by the administrator in chief.*" In *Davis* v. *Davis* (10 Ala. 300), a guardian was said to hold nothing as guardian which he had not, as executor of the estate,

separated from the assets and placed to his account as guardian.

2. William Blanton did not pay for this land ; and those holding under him cannot have the benefit of a presumption that he did, in the absence of a conveyance to him, or at least a report of payment, and an order to make titles. These omissions of the record charge them with knowledge of the manner of his payment, as shown in his annual settlement.

3. The vendor's lien arises on a sale of land, in the absence of any agreement to the contrary. Brick. Dig. p. 515, § 123. There is nothing in the circumstances of a sale by order of the probate court which forbids its existence. On the contrary, the retention of the title until payment is made indicates its preservation. Ordinarily, the right to enforce it after the death of the vendor, or upon a sale by the court, belongs to the personal representative. 2 Story's Eq. Jur. § 789. But, in a case like the present, where the sale was made for division, and the existence of debts, or other necessity for an administrator, is not shown, no reason can be given against the right of the beneficiaries to do so.

4. Two of the complainants were shown to have relinquished their interest to William Blanton, and they were excluded by the decree from the recovery or relief. It used to be a rule, that all of the complainants should have an interest, and be entitled to relief, or the bill would be dismissed. In *Wilkins* v. *Judge & Dunklin* (14 Ala. 135), this rule was enforced, but without prejudice to the party unembarrassed. Under our liberal and just system of amendments, the bill is amendable by striking out the parties not entitled to relief. This was virtually done in their exclusion from the relief granted to the others. The decree is affirmed.