# Larkin *v.* Mason.

*Bill in Equity by Sureties on Administrator's Bond to Enjoin Collection of Decrees in Probate Court, and to establish Equitable Set-Offs.*

1. *Bill in equity by sureties on administrator's bond to enjoin collection of decrees in probate court, and to establish equitable set-offs; when without equity; necessary parties defendant; misjoinder of parties complainant.* On the death of M., intestate, his widow and another qualified as administrators of his estate by executing, with sureties, a joint bond. Afterwards the widow died intestate, without making settlement of her administration; and after her death the surviving administrator executed, with sureties, an additional bond, and thereafter made a final settlement of his administration, on which decrees were rendered against him in favor of the widow's administrator and in favor of the guardian of J. and F., who were the only heirs of M. and also of the widow, each for one-third of the balance ascertained to be due from him. This balance resulted from a *devastavit* committed during the joint administration. The decree in favor of the widow's administrator was paid to him, and by him distributed equally between J. and F. After the rendition of these decrees F. died intestate, free from debt, and leaving J. as her only heir. No executions having been issued on the decrees within twelve months from the date of their rendition, J. and the personal representative of F. separately moved to revive; and thereupon the decree in favor of J. was revived only for a small balance, the court crediting it with $1,000, as paid by the administrator of M. by the conveyance of land to the common guardian of J. & F.; but, on appeal to this court, the order of the Probate Court was reversed, this court holding that only one-half of said amount should be credited on J.'s decree, and that the balance should have been credited on the decree in favor of F. The decree in favor of F. was revived for its full amount, less $100, paid thereon; but, after return of execution against M.'s administrator "no property found," an execution was issued against the sureties on both bonds for the full amount of the decree. *Held,* on a bill filed by the sureties on both bonds to enjoin the proceedings in the Probate Court, to have said decrees credited with the $100, and also with the $1,000 paid thereon, and to have an account stated of the amount of the *devastavit* committed by the widow during said joint administration, and such amount set off against said decrees,

1. That if the complainants were not concluded by the failure of the administrator of M. to set up the defense of payment, they had a plain and adequate remedy by *supersedeas* in the Probate Court, and for this reason their bill is without equity.

2. That if such a bill could be maintained, the personal representative of M.'s widow would be a necessary party.

[Larkin v. Mason.]

3. That the additional bond having been executed after the widow's death, there was a misjoinder of parties complainant.

APPEAL from Jackson Chancery Court.

Heard before Hon. N. S. GRAHAM.

The bill in this cause was filed on 28th February, 1882, by W. R. Larkin, J. F. Martin, J. Compton, W. B. Keeble and G. W. R. Larkin against James E. Mason, James M. Buchanan and J. B. Tally, as administrator of the estate of Frances W. Mason, deceased; and its material averments are substantially as follows: On 1st August, 1861, Winfield S. Mason departed this life in this State, intestate, leaving him surviving Frances S. Mason, his widow, and Frances W. Mason and James E. Mason, his only heirs at law; and on 14th March, 1862, after an administration in chief, Frances S. Mason and James M. Buchanan were appointed administrators de bonis non of his estate by the Probate Court of Jackson county, and thereupon qualified by executing a joint bond, with the complainants W. B. Keeble and J. F. Martin, as their sureties. In 1863 Frances S. Mason died, intestate, leaving as her only heirs at law the said Frances W. and James E. Mason; and one Hopkins was by said court appointed administrator of her estate. No settlement of her administration upon her husband's estate was ever had. After her death, Buchanan executed an additional bond as administrator of the estate of Winfield S. Mason, with the complainants, W. R. Larkin, John Compton and G. W. R. Larkin, as sureties. On 8th April, 1868, Buchanan made a final settlement of the estate of his intestate in said court, when it was ascertained that he was indebted to the estate in the sum of $3,100, and decrees were rendered against him in favor of the administrator of Frances S. Mason, and the guardian of Francis W. and James E. Mason, who were then minors, each for one-third of said sum. The decree in favor of the administrator of Frances S. Mason was paid in full; and afterwards the amount thereof was distributed equally between, and paid to Frances W. and James E. Mason. The bill charges that the whole of this liability grew out of, and was occasioned by waste and devastavit occurring during the joint administration of Buchanan and Frances S. Mason on the estate of said decedent. Afterwards Frances W. Mason died, intestate, and without debts, leaving, as her only heir at law and distributee, the said James E. Mason; and the defendant, J. B. Tally, was appointed the administrator of her estate. No executions were issued on the decrees in favor of the guardian of James E. and Frances W. Mason within twelve months from the date of the rendition thereof; and thereafter the said Mason and the administrator of the estate of Frances W. Mason separately proceeded in said court by scire facias to

[Larkin v. Mason.]

have the decrees revived. In neither of these cases were the complainants made parties. In the proceedings by James W. Mason the Probate Court adjudged and declared that the decree in favor of his guardian had been satisfied, except for the sum of $33, by a payment made by Buchanan in lands conveyed by him to the common guardian of said minors. That decree was afterwards reversed, on appeal to this court, and the cause remanded, this court directing, as is averred in the bill, that a credit on said decree should have been allowed only for the sum of $500, as of the date of the rendition of the decree, and that $500, the balance of the amount allowed by the Probate Court as a credit, should be credited on the decree in favor of the guardian of Frances W. Mason. In the proceedings instituted by the administrator of Frances W. Mason an order was made, reviving the decree for the full amount thereof, principal and interest, less a credit of $100, as of the date of the decree, and that order was afterwards affirmed on appeal by Buchanan to this court. The bill further avers that the record in that case " did not raise the question of the right or propriety of entering on this decree the said credit of one-half of the $1,000 paid by Buchanan as aforesaid, nor did said record disclose or show the beneficial interest in the said decree to be the property of the said James E. Mason." After the affirmance, an execution was issued on the decree against Buchanan and returned "no property found," and thereupon an execution was issued against the complainants for the full amount of the decree, principal and interest, without crediting the same with the $100 to which the Probate Court had declared it was entitled, or with the said sum of $500, the balance of the payment made by Buchanan to the guardian of James E. and Frances W. Mason in land, after crediting a like sum on James E. Mason's decree. It is also averred that James E. Mason was still prosecuting his proceedings to revive, and was seeking to " disallow to their said principal, Buchanan, the benefit of the said payment of $1,000" as a credit on the decree, and only to allow him a credit thereon for $500. The bill prays that an injunction be issued, enjoining James E. Mason and John B. Tally, as the administrator of the estate of Frances W. Mason, deceased, from proceeding further in the enforcement of the decrees rendered by said Probate Court on the settlement made by the said Buchanan as administrator of the estate of Winfield S. Mason, deceased; that said decrees be credited with the amounts paid thereon by Buchanan, as above stated; that an account be taken of the amount of the *devastavit* committed during the joint administration of the said Buchanan and Frances S. Mason on the estate of Winfield S. Mason, and that it be set off against said decrees; and for general relief. An

[Larkin v. Mason.]

injunction was issued in accordance with the prayer of the bill.

The defendants, Tally and Mason, answered the bill under oath, and incorporated into their answer a demurrer, the grounds of which are sufficiently indicated in the opinion; and they also moved to dismiss the bill for want of equity. The cause was submitted for decree on the demurrer, the motion to dismiss, and also on a motion to dissolve the injunction; and on the hearing the chancellor caused a decree to be entered, dissolving the injunction and dismissing the bill. That decree is here assigned as error.

ROBINSON & BROWN, for appellants.

R. C. HUNT and W. H. NORWOOD, contra.

SOMERVILLE, J.—It is our judgment that the demurrer to the bill in this case was properly sustained. It was fatally deficient in equity in several particulars.

The complainants had a plain and adequate remedy at law, so far as concerns the items of $100, and $500, alleged to have been paid on the judgments rendered against Buchanan.

If these payments were made after the revival of the judgments in the Probate Court on the sci. fa. proceedings; or even if they were made before such revivor, and the proposition can be maintained that the neglect of Buchanan to set up the defense of payment does not conclude his sureties, the latter would be entitled to a supersedeas, arresting the issue of any execution against them on the judgment or judgments so satisfied, save only for the balance remaining due and unpaid. All courts possess this inherent and necessary power to prevent the abuse of their own process, by quashing executions thus wrongfully and improvidently issued, or by superseding them pro tanto so far as paid or satisfied.—Lockhart v. McElroy, 4 Ala. 572; Rutland v. Pippin, 7 Ala. 469; Dunlap v. Clements, 18 Ala. 778. The power of the Probate Court was clearly adequate to allow these credits in favor of Buchanan, had they been legal and proper, and been presented in proper time. Mason v. Buchanan, 62 Ala. 110.

The bill is further defective in failing to make the administrator of the estate of Mrs. Frances S. Mason a party defendant to the suit. She was a necessary party, in whose absence no decree can be justly rendered. The purpose of the suit is, in part, to set up against the judgments sought to be enjoined, an equitable set-off, amounting to about one thousand dollars, which James E. Mason, the beneficial owner of these judgments, received from the estate of said Mrs. Mason, who was a coprincipal with Buchanan on his first administration bond. In

[Hartsfield et al. v. Harvoley, Adm'r.]

order to authorize this, if at all permissible, the *insolvency* of Mrs. Mason's estate must have been averred and proved, for otherwise such of the complainants as were her sureties on the first bond could recover at law by way of contribution any sum paid by them to the use of their principal.—*Railroad Company v. Rhodes*, 8 Ala. 206; *Betts v. Gunn*, 31 Ala. 219; *Tate v. Evans*, 54 Ala. 16; 2 Brick. Dig. p. 433, §§ 165 *et seq.*

We can not see, furthermore, that the two Larkins and Compton were proper parties plaintiff in the suit. They were sureties on the second bond given by Buchanan, and this bond was executed after the death of Mrs. Mason. There was no privity therefore between these complainants and Mrs. Mason. Their principal was Buchanan, and none other. Conceding that the other complainants were entitled to recover, in the absence of any proposed amendment to correct this misjoinder, no relief could be granted them in this cause, and the bill was properly dismissed. The general rule in courts of equity is, that all of the parties complainant must be entitled to relief, or the suit must fail.—*James v. James*, 55 Ala. 525; *Vaughn v. Lovejoy*, 34 Ala. 437; *Wilkins v. Judge*, 14 Ala. 135.

The decree of the chancellor will, however, be modified by dismissing the bill *without prejudice*, and, as thus amended, the decree will be affirmed.